UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| SAMUEL LEEK SALPATORIA,<br><br>　　　　　　　　　Plaintiff,<br><br>　vs.<br><br>TE ARCHAMBEAU, UNIT COORDINATOR; OFFICIAL CAPACITY; INDIVIDUAL CAPACITY; JOSHUA KLIMEK, UNIT MANAGER - WEST SIDE; OFFICIAL CAPACITY; JOSHUA FOLEY, UNIT COORDINATOR B-3; OFFICIAL CAPACITY; INDIVIDUAL CAPACITY; AND ANGELA STEINEKE, UNIT COORDINATOR; OFFICIAL CAPACITY; INDIVIDUAL CAPACITY; AND STEPHANIE HAMINITON, INDIVIDUAL AND OFFICIAL CAPACITY<br><br>　　　　　　　　　Defendants. | 4:19-CV-04107-LLP<br><br><br>ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS AND 1915A SCREENING FOR DISMISSAL |

　　　　Plaintiff, Samuel Leek Salpatoria, filed a pro se lawsuit under 42 U.S.C. 1983. Doc. 1. Pending before this Court is Salpatoria's motion to proceed in forma pauperis, Doc. 3. This Court will conduct a 28 U.S.C. § 1915A screening on Salpatoria's complaint, Doc. 1.

**I.　Motion to Proceed In Forma Pauperis**

　　　　Salpatoria filed a motion to proceed in forma pauperis and filed his prisoner trust account report. Docs. 3 and 4. Under the Prison Litigation Reform Act (PLRA), a prisoner who "brings a civil action or files an appeal in forma pauperis . . . shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). The court may, however, accept partial payment of the initial filing fee where appropriate. Therefore, " '[w]hen an inmate seeks pauper status, the only issue is whether the inmate pays the entire fee at the initiation of the proceedings or over a period of time under an installment

plan.' " *Henderson v. Norris*, 129 F.3d 481, 483 (8th Cir. 1997) (quoting *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997)).

The initial partial filing fee that accompanies an installment plan is calculated according to 28 U.S.C. § 1915(b)(1), which requires a payment of 20 percent of the greater of:

(A) the average monthly deposits to the prisoner's account; or
(B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

Salpatoria filed a prisoner trust account and the account shows his average monthly deposits for the past six months as $0.00 and his average monthly balance for the past six months as *negative* $150.22. Doc. 4. Based on this information, the Court grants Salpatoria leave to proceed in forma pauperis and waives the initial partial filing fee.

In order to pay the remainder of his filing fee, Salpatoria must "make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." 28 U.S.C. § 1915(b)(2). The statute places the burden on the prisoner's institution to collect the additional monthly payments and forward them to the Court as follows:

After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2). The installments will be collected pursuant to this procedure.

The clerk of the court will send a copy of this order to the appropriate financial official at plaintiff's institution. Salpatoria will remain responsible for the entire filing fee, as long as he is a prisoner, even if the case is dismissed at some later time. *See In re Tyler*, 110 F.3d 528, 529–30 (8th Cir. 1997).

**II.     1915A Screening**

   **A. Factual Background**

Salpatoria claims that Te Archambeau and Joshua Foley "refused to give [him his] legal mail for nine days until [the] court called them." Doc. 1 at 4. Salpatoria alleges that he "had to lose [his] case while [the] court gave it to [him]." *Id.* at 5. However, Salpatoria claims that he has two "pending" lawsuits, one within the Second Judicial Circuit Court (state court) and one before this Court (Case No. 17-4172)[1]. *Id.* at 9-10.

Salpatoria believes that Joshua Klimek and Stephanie Haminton "conspire[d] to kick [him] out of medical" on two occasions. *Id.* at 4. Salpatoria alleges that Klimek and Haminton acted in order to scare him into withdrawing his cases. *Id.* Salpatoria also claims that Angela Steineke "refused to notify officers [that] used the fake fines [against] me." *Id.* Salpatoria includes a list of fines he believes are fake and claims that Lieutenant. Milk, Correctional Officer Gergo, Lieutenant Mary, and "Dtto Mike", and "Robert Kirvin" assessed the fines against him. Doc. 1-1 at 1-2. Salpatoria alleges that Steineke didn't investigate by looking at the video footage when Kirvin allegedly had a "blackhead cover [on] his head and ear a[nd] [tried] to threaten" him and "using negative theory" to scare him into withdrawing his lawsuits. *Id.* at 5. Salpatoria claims that he is frustrated from being "hate[d] by officials" and does not assert any sort of relief he is seeking. Doc. 1 at 5. He claims to have exhausted his administrative remedies. *Id.* at 7.

---

[1] This Court dismissed this case and entered judgment in favor of defendants because Salpatoria failed to comply with this Court's Order. *See* Doc. 52; 4:17-cv-04172-LLP. This Court granted defendants' motion to compel after Salpatoria's "noncompliance with the first deposition." *Id.* at 2. Salpatoria refused to comply with the first deposition because he wanted it to occur in front of a judge and other witnesses. Doc. 45-2 at 10. This Court explained to Salpatoria in its Order that "depositions do not take place in courtrooms or in front of judges." Doc. 37. Even after the explanation, Salpatoria was unwilling to participate in the deposition. Doc. 47 at 3.

**B. Legal Background and Analysis**

The court must assume as true all facts well pleaded in the complaint. *Estate of Rosenberg by Rosenberg v. Crandell*, 56 F.3d 35, 36 (8th Cir. 1995). Civil rights and pro se complaints must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 839 (8th Cir. 2004). Even with this construction, "a pro se complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985); *Ellis v. City of Minneapolis*, 518 F. App'x 502, 504 (8th Cir. 2013). Civil rights complaints cannot be merely conclusory. *Davis v. Hall*, 992 F.2d 151, 152 (8th Cir. 1993); *Parker v. Porter*, 221 F. App'x 481, 482 (8th Cir. 2007).

A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). If it does not contain these bare essentials, dismissal is appropriate. *Beavers v. Lockhart*, 755 F.2d 657, 663 (8th Cir. 1985); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). If it does not contain these bare essentials, dismissal is appropriate. *Beavers*,755 F.2d at 663. *Bell Atlantic* requires that a complaint's factual allegations must be "enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id.* at 555; *see also Abdullah v. Minnesota*, 261 Fed. Appx. 926, 927 (8th Cir. 2008) (citing *Bell Atlantic* noting complaint must contain either direct or inferential allegations regarding all material elements necessary to sustain recovery under some viable legal theory). Under 28 U.S.C. § 1915A, the court must screen prisoner complaints and dismiss them if they are "(1) frivolous, malicious, or fail[] to state a claim upon which relief may be granted; or (2) seek[]

monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). The court will now assess each individual claim under 28 U.S.C. § 1915A.[2]

### 1. Claims against Te Archambeau and Joshua Foley

Salpatoria claims that Archambeau and Foley "refused to give him [his] legal mail until the court called them." Doc. 1 at 4. He alleges that they held his legal mail for nine days. *Id.* However, Salpatoria claims that his cases are still pending. *Id.* at 10. "The Constitution guarantees prisoners a right to access the courts." *White v. Kautzky*, 494 F.3d 677, 679 (8th Cir. 2007). "[P]rison officials must provide inmates with 'meaningful access to the courts,' ... an inmate alleging a constitutional violation must show an 'actual injury' by 'demonstrat[ing] that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim.' *Entzi*, 485 F.3d at 1005 (quoting *Lewis v. Casey*, 518 U.S. 343, 351, 116 S. Ct. 2174, 135 L. Ed. 2d 606 (1996)). In order to satisfy the actual injury requirement, a plaintiff must "demonstrate that a nonfrivolous legal claim had been frustrated or was being impeded." *Johnson v. Missouri*, 142 F.3d 1087, 1089 (8th Cir. 1998) (quoting *Lewis*, 518 U.S. at 353).

Here, Salpatoria claims that his legal mail was held for nine days and that he had to call the court to retrieve it. Doc. 1 at 4. Salpatoria also claims that his lawsuits are still pending. Because Salpatoria does not allege an injury due to the defendants allegedly withholding his legal mail, his access to the courts claims against Archambeau and Foley are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i-ii).

### 2. Claims against Klimek and Haminton

Salpatoria claims that defendants "conspired to kick him out of medical" on two occasions to try to scare Salpatoria to withdraw his lawsuits. Doc. 1 at 4. To plead a civil conspiracy under §

---

[2] Salpatoria brings this action under *Bivens* and § 1983. Because all the defendants work for the South Dakota Department of Corrections, this Court will not assess Salpatoria's claims under *Bivens* (which only applies to federal actors).

1983, Salpatoria must show "(1) two or more persons; (2) an object to be accomplished; (3) a meeting of the minds on the object or course of action to be taken; (4) the commission of one or more unlawful overt acts; and (5) damages as the proximate result of the conspiracy." *Livers v. Schenck*, 700 F.3d 340, 360-61 (8th Cir. 2012) (citation omitted). "The plaintiff is additionally required to prove a deprivation of a constitutional right or privilege in order to prevail on a § 1983 civil conspiracy claim." *White v. McKinley*, 519 F.3d 806, 814 (8th Cir. 2008) (citing *Askew v. Millerd*, 191 F.3d 953, 957 (8th Cir. 1999)).

Although a plaintiff can use circumstantial evidence to show a conspiracy, a plaintiff bringing a § 1983 conspiracy claim must allege "specific facts tending to show" that the defendants reached an agreement to deprive the plaintiff of a constitutional right or a meeting of the minds. *See Murray v. Lene*, 595 F.3d 868, 870 (8th Cir. 2010). Thus, Salpatoria must allege with particularity "facts that the defendants reached an agreement." *Reasonover v. St. Louis Cty.*, 447 F.3d 569, 582 (8th Cir. 2006) (internal quotation omitted). Here, Salpatoria offers a legal conclusory statement when he claims that Klimek and Haminton "conspired to kick him of medical." Doc. 1 at 4. He does not allege specific facts to show that the defendants had a meeting of minds and does not allege facts that would support the other factors necessary to state a viable conspiracy claim under § 1983, thus Salpatoria's claims against Klimek and Haminton are dismissed under 28 U.S.C. § 1915(e)(2)(B)(i-ii).

### 3. Claim against Angela Steineke

Salpatoria claims that Steineke "refused to notify officers [that] used the fake fines [against] me." *Id.* Salpatoria includes a hand-written list of fines he believes are fake and claims that Lieutenant. Milk, Correctional Officer Gergo, Lieutenant Mary, and "Dtto Mike", and "Robert Kirvin" assessed these fines against him. Doc. 1-1 at 1-2. Salpatoria alleges that Steineke doesn't want to fix/investigate the issue by looking at the video footage when Kirvin allegedly had a

6

"blackhead cover [on] his head and ear a[nd] [tried] to threaten" him and "using negative theory" to scare him into withdrawing his lawsuits. *Id.* at 5.

Section "1983 liability requires personal involvement in or direct responsibility for actions resulting in [the] violation." *Carter v. Hassell*, 316 Fed. Appx. 525, 525 (8th Cir. 2008) (citing *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985)); *see also Marchant v. City of Little Rock, Ark.*, 741 F.2d 201, 204 (8th Cir. 1984) (dismissing a claim because the individual "had no knowledge or connection to" the alleged violation); *Mark v. Nix*, 983 F.2d 138, 139-40 (8th Cir. 1993) (dismissing a § 1983 case where a prisoner claimed that prison officials inappropriately took away his rosary because "none of the prison officials sued by him are responsible for this confiscation"). Here, Salpatoria does not claim that Steinke assessed a "fake fine" against him but only that she "refused to notify" others. Doc. 1 at 4.

A failure to investigate a grievance submitted by a prisoner does not rise to a constitutional violation. See *Moore v. Thurber*, 105 F.3d 663 (8th Cir. 1997). Relatedly, the Eighth Circuit has held that prisoners fail to state a claim by alleging prison officials failed to process their grievances, *see e.g. Hodgson v. Fabian*, 378 F. App'x 592, 594 (8th Cir. 2010); *Day v. Corr. Med. Servs.*, 281 F. App'x 624 (8th Cir. 2008), and that the failure to investigate grievances does not rise to a constitutional violation. *King v. Houston*, 556 F. App'x 561, 563 (8th Cir. 2014). Other district courts within the Eighth Circuit have dismissed similar claims. *E.g. Townsend v. Singleton*, No. 4:12-CV-04072, 2013 U.S. Dist. LEXIS 17994, 2013 WL 501441, at *3 (W.D. Ark. Jan. 3, 2013), report and recommendation adopted, No. 12-CV-4072, 2013 U.S. Dist. LEXIS 17955, 2013 WL 501112 (W.D. Ark. Feb. 11, 2013); *Webb v. Smartwood*, No. 07-4017-CV-C-NKL, 2009 U.S. Dist. LEXIS 75283, 2009 WL 2606237, at *5 (W.D. Mo. Aug. 21, 2009). Thus, Salpatoria's claims that Steineke refused to review the video footage and his claims that she failed to notify someone about the alleged fake

7

fines do not amount to a viable claim under § 1983. Accordingly, Salpatoria's claims against Steineke are dismissed under 28 U.S.C. § 1915(e)(2)(B)(i-ii).

Accordingly, it is ORDERED

1. That Salpatoria's motion for leave to proceed in forma pauperis, Doc. 3, is granted.

2. The institution having custody of Salpatoria is directed that whenever the amount in Salpatoria's trust account, exclusive of funds available to him in his frozen account, exceeds $10.00, monthly payments that equal 20 percent of the funds credited the preceding month to the Salpatoria's trust account shall be forwarded to the U.S. District Court Clerk's Office under to 28 U.S.C. § 1915(b)(1), until the $350 filing fee is paid in full.

3. That because Salpatoria's complaint fails to state a claim upon which relief can be granted, it is dismissed under 28 U.S.C. § 1915(e)(2)(B)(i-ii).

4. That judgment is entered in favor of the defendants and against plaintiff.

Dated this 15th day of April, 2020.

BY THE COURT:

ATTEST:
MATTHEW W. THELEN, CLERK

_____
Lawrence L. Piersol
United States District Judge

_____