UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| SAMUEL LEEK SALPATORIA,<br><br>Plaintiff,<br><br>vs.<br><br>TE ARCHAMBEAU, UNIT COORDINATOR; OFFICIAL CAPACITY; INDIVIDUAL CAPACITY; JOSHUA KLIMEK, UNIT MANAGER - WEST SIDE; OFFICIAL CAPACITY; JOSHUA FOLEY, UNIT COORDINATOR B-3; OFFICIAL CAPACITY; INDIVIDUAL CAPACITY; AND ANGELA STEINEKE, UNIT COORDINATOR; OFFICIAL CAPACITY; INDIVIDUAL CAPACITY; AND STEPHANIE HAMINITON, INDIVIDUAL AND OFFICIAL CAPACITY<br><br>Defendants. | 4:19-CV-04107-LLP<br><br><br>ORDER GRANTING PLAINTIFF'S MOTION TO APPEAL WITHOUT PREPAYMENT OF FEES |

Plaintiff, Samuel Leek Salpatoria, filed a pro se lawsuit under 42 U.S.C. 1983. Doc. 1. This Court dismissed the case after a 28 U.S.C. § 1915A screening and entered judgment in favor of Defendants. Docs. 5 and 6. Salpatoria filed a notice of appeal and moves to appeal without prepayment of fees. Docs. 7 and 8.

Under the Prison Litigation Reform Act (PLRA), a prisoner who "files an appeal in forma pauperis . . . [is] required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). This obligation arises " 'the moment the prisoner . . . files an appeal.' " *Henderson v. Norris*, 129 F.3d 481, 483 (8th Cir. 1997) (quoting *In re Tyler*, 110 F.3d 528, 529–30 (8th Cir. 1997)). " 'When an inmate seeks pauper status, the only issue is whether the inmate pays the entire fee at the initiation of the proceedings or over a period of time under an installment plan.' " *Id.* (quoting *McGore v.*

*Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997)). "[P]risoners who appeal judgments in civil cases must sooner or later pay the appellate filing fees in full." *Id*. (citing *Newlin v. Helman*, 123 F.3d 429, 432 (7th Cir. 1997)).

In *Henderson*, the Eighth Circuit set forth "the procedure to be used to assess, calculate, and collect" appellate filing fees in compliance with the PLRA. 129 F.3d at 483. First, the court must determine whether the appeal is taken in good faith. *Id*. at 485 (citing 28 U.S.C. § 1915(a)(3)). Then, so long as the prisoner has provided the court with a certified copy of his prisoner trust account, the court must "calculate the initial appellate partial filing fee as provided by § 1915(b)(1), or determine that the provisions of § 1915(b)(4) apply." *Id*. The initial partial filing fee must be 20 percent of the greater of:

(A) the average monthly deposits to the prisoner's account; or
(B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

28 U.S.C. § 1915(b)(1). Nonetheless, no prisoner will be "prohibited from . . . appealing a civil or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee." 28 U.S.C. § 1915(b)(4).

It appears that Salpatoria's appeal is taken in good faith. Because Salpatoria's prisoner trust account, Doc. 9, shows an average monthly deposit of $0.00 and an average monthly balance of *negative* $127.84, the court finds that § 1915(b)(1) applies and waives his initial partial filing fee.

Thus, it is ORDERED:

1. That Salpatoria's motion to appeal without prepayment of fees, Doc. 8, is granted.

2.     That the institution having custody of the Salpatoria is directed that whenever the amount in Salpatoria's trust account, exclusive of funds available to him in his frozen account, exceeds $10, monthly payments that equal 20 percent of the funds credited to the account the preceding month shall be forwarded to the United States District Court Clerk's office pursuant to 28 U.S.C. § 1915(b)(2), until the appellate filing fee of $505 is paid in full.

DATED April 30, 2020.

BY THE COURT:

ATTEST:
MATTHEW W. THELEN, CLERK

Lawrence L. Piersol
United States District Judge

3